JUSTICE SHEEHY,
dissenting:
The approach of the majority in this case to the Montana Administrative Procedure Act (MAPA) is purblind in every sense of the word [purblind: partly blind; lacking in vision, insight or understanding. Webster’s New Collegiate Dictionary (1981)].
The majority see well enough to find a single remedy by appeal from an administrative decision under § 2-4-704, MCA. They fail to see that an equally valid remedy is provided in MAPA for declaratory judgments under § 2-4-506, MCA.
That section provides:
“2-4-506. Declaratory judgments on validity or application of rules. (1) A rule may be declared invalid or inapplicable in an action for declaratory judgment if it is found that the rule or its threatened application interferes with or impairs or threatens to interfere with or impair the legal rights or privileges of the plaintiff.
“(2) A rule may also be declared invalid in such action on the grounds that the rule was adopted with an arbitrary or capricious disregard for the purpose of the authorizing statute as evidenced by documented legislative intent.
“(3) A declaratory judgment may be rendered whether or not the *443 plaintiff has requested the agency to pass upon the validity or applicability of the rule in question ...” (Emphasis supplied.)
Thus, under MAPA, a district court has not only review authority but is given declaratory authority to determine a legal question as to the validity or applicability of the rules of state government agencies. The district court has the power to declare the rule invalid, or that its application, as in this case, is invalid.
There are really no fact issues in this case. There is not any dispute from the State or its agency managers that, prior to June 1, 1987, the non-union employees here worked an 8-hour shift which included a half-hour lunch period. On or about June 8, 1987, the State by letter unilaterally directed that these non-union employees would lose the paid lunch period and that an additional half-hour work period would be added to their schedules.
The only issues that remain are legal issues, since the facts are not in dispute. The employees maintain that they have an implied contract for the paid lunch period. The position of the State from the record and from its brief is that § 39-4-107, MCA, and the policies of the State contained in its management memos and employee handbook are the rules which govern the issue. It was most appropriate for the District Court to regard the matter as one for declaratory judgment and to act under the jurisdiction specifically given to it by MAPA under § 2-4-506, MCA, above.
Not only did the District Court properly proceed to consider the legal issue here under its power of declaratory judgment provided in the Act, but the State recognized this power, and stipulated in writing for the court’s consideration of the legal issue under its declaratory jurisdiction:
‘ ‘Come now the parties hereto and hereby stipulate and agree that the petitioners [employees] shall be allowed to file an amended petition in order to incorporate petition for further relief and authorizing the court to issue an order allowing the filing of said amended petition. ’ ’
Let us review the procedure that occurred in this case. On September 16, 1987, Ernest F. Roeber filed a grievance on behalf of himself and all similarly situated non-union employees of the Montana Development Center at Boulder. His grievance was that he and his fellow non-union employees had an express or implied contract with the State under which the work-day comprised an eight-hour shift which included a paid half-hour lunch period. Under the grievance procedures established by the Department, a three-member committee was convened which heard the grievance. After hearing, the grievance *444 committee rendered the following decision:
“Held: It would seem that additional information, policies and regulations which may have significant bearing on this matter were not made available to the committee.
“Held: It cannot be determined whether there is or is not, in fact, a contractual relationship as a result of said document; i.e., job announcement, (see exhibit 6a, 6b and 6c).
“Recommendation: In the future, non-union job vacancy announcements should contain a statement which clearly indicates that the terms and conditions of hiring and employment are governed by volume III of the Montana Operations Manual.”
Thereafter, on January 26, 1988, the director of the Department of Institutions entered a written decision, in part:
“It is the decision of the Director to accept the holdings of the committee which indicated that the grievants failed to sustain the burden of proof and essentially affirms management’s position.
“Considering the recommendation made by the committee, it is well taken, but must be taken under advisement. To require stipulation of this nature would put a higher degree of responsibility on non-union job positions at the Montana Developmental Center then presently is required in job posting relative to other agencies in state government and the Department of Institutions.
“CONCLUSION: The Director accepts and upholds the decision of the committee which essentially supports management’s position in this grievance.”
Thereafter, Roeber filed his petition for judicial review in the District Court. While the matter was there pending, Roeber, through his counsel, filed a motion for a declaratory judgment from the District Court determining that the non-union employees had an express or implied contract with the State, which was impaired by the action of the Department. The District Court, by letter to all counsel, called attention to the motion and requested of counsel whether a judicial review proceedings could be converted into a declaratory judgment action. The parties met and 'orally stipulated that this should be done, and eventually the written stipulation above set forth was executed by counsel for Roeber and the State.
In its findings of fact and conclusions of law, the District Court expressed frustration about the grievance procedure at the administrative level. The court stated:
“The hearing at the local grievance level was, as this Court finds, a ‘nondecision. ’ The committee concluded that it had insufficient *445 evidence to make an informed decision. It passed it on by way of an administrative appeal to the Director of the Department of Institutions. “On January 26, 1988, the Department disposed of the matter by a Director’s decision. The Director, despite the ‘nondecision’ character of the local committee’s actions, treated it as one, holding that the plaintiff had failed to sustain their ‘burden of proof and that management had the right to make the change. By upholding management’s ‘decision’ there was thus created two different categories as far as the paid one-half hour lunch period was concerned — one for the union — a different one for non-union.”
The District Court went on to determine that it had jurisdiction to determine the legal rights of the parties under the broad provisions of the Uniform Declaratory Judgments Act, particularly because counsel for both parties had agreed that judicial review of the administrative decision was now moot. Moreover, the District Court found as a fact that there existed an implied contract between management and plaintiffs establishing a paid one-half-hour lunch as one of conditions of their employment. It found a breach by management of the implied contract of employment, so the court held in favor of the employees.
The majority opinion decides the case as though Roeber and his associates had elected a grievance form of remedy and could apply for none other. This flies in the face of § 2-4-506, MCA, which provides that a declaratory judgment may be rendered “whether or not the plaintiff has requested the agency” to pass upon the applicability of the rule in question. This Court should be especially unwilling to be used as a pawn, where the appellant in this case stipulated in writing to the declaratory procedure adopted by the District Court, and then on appeal seeks to evade the results of its stipulation. In this case, the administration had attempted to impose the same non-paid lunch period upon the union employees as upon the non-union employees. However, the collective bargaining agreement and grievance filed by union employees made the administration back up and reinstate for the union employees the paid lunch period. The District Court found that factor important. The district Judge noted in his memorandum:
“There was, of course, no written contract, except that made by the department with the collective bargaining unit. It seems to the Court that by agreeing with the union as it did on July 1, 1987, management went a long way toward acknowledging a long-standing agreement with all of its employees. The evidence was persuasive that this agreement existed. The agreement may have been contrary to the eight hour day statute (§ 39-4-107, MCA); but even that statute has escape *446 clauses in the form of provisions for collective bargaining agreements as well as the mutual agreement between management and employees not covered by union contract.
‘ ‘The court agrees with plaintiff that the long time conduct created an implied contract which could not be unilaterally changed as it was ...”
The truth is the only means for redress for the non-union employees in this case is by means of declaratory judgment. The grievance procedure is not fitted to handle such questions of law as the impairment of contracts and the existence of implied contracts. These are legal questions more properly in the sphere of judicial action. The legislature considered the possibilities and provided a double remedy in cases such as this: one if a grievance procedure would remedy the situation, and the other, whether or not the grievance procedure sufficed, for a judicial remedy by declaratory relief.
One wonders, now that the majority has ordered a further judicial review, what the District Court will find to review. It will not be helped by the “nondecision.”
I dissent and would affirm the judgment of the District Court.
JUSTICE HUNT, concurs with the foregoing dissent of JUSTICE SHEEHY.